# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JACOBS, <br><br> Petitioner, <br><br> v. <br><br> DEPT. HOME LAND SECURITY, <br><br> Respondent. | Case No. 8:19-cv-01049-VAP-MAA <br><br> **ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE** |

On May 30, 2019, Petitioner Matthew Jacobs, acting *pro se*, filed a case-initiating document entitled "Petition for Writ of Habeas Corpus." ("Petition," ECF No. 1.) As discussed below, summary dismissal of the action is appropriate.

I. **BACKGROUND**

The Petition appears on Form MC-275, a form approved by the Judicial Council of California for habeas petitions filed in the California courts. (*See generally* Petition.) However, the Petition appears neither to request a writ of habeas corpus nor to pertain to habeas corpus. The Petition does not concern a conviction or sentence sustained by Petitioner. (*See id.* at 2.) Instead, Petitioner indicates that the Petition concerns an "Application to Forine Souverigne/Diversith-

citiz/Nationality," and the relief he requests is to become a foreign national and be deported to the Russian Federation. (*Id.* at 2-3.) Petitioner acknowledges that the Petition "is a matter other than a standard or usual court matter," and avers that he is "not sure if there is any lower grounds or forms to begign [sic] this process of filing for my citizenship." (*Id.* at 2, 5.)

Petitioner checked a box on Form MC-275 indicating he is in custody pursuant to a criminal conviction (*see id.* at 2), but Petitioner apparently is not presently incarcerated. Petitioner's institution of incarceration is "Orange County." (*Id.*) Petitioner's address of record is a street address in Orange, California. (*See id.* at 1.)

## II. THE PETITION IS SUBJECT TO SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* C.D. Cal. L.R. 72-3.2 (authorizing a magistrate judge to prepare a proposed order for summary dismissal and proposed judgment for a district judge).

*First*, the Petition must be dismissed because Petitioner has not shown he is in custody. A federal court may grant relief pursuant to 28 U.S.C. § 2254 to "a person *in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is a jurisdictional one. *See Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not in themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *accord Resendiz*, 416 F.3d at 956 ("[F]ederal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence

under attack at the time his petition is filed.'" (quoting *Maleng*, 490 U.S. at 490-91)).

Although Petitioner checks a box on Form MC-275 indicating that he is in custody pursuant to a criminal conviction (*see* Petition at 2), the Petition indicates the contrary. (*See, e.g.*, *id.* at 1 (providing civilian street address as mailing address); *id.* at 2 (noting institution of incarceration as "Orange County"); *id.* at 3 (mentioning living in Humboldt County and the City of Orange); *id.* (noting encounters with police officers in public places and allegedly improper detentions without identifying any period of incarceration).) Petitioner does not allege that he is presently incarcerated; though he states an expected release date, he does not indicate the date he was convicted, the date he was sentenced, or the length of his sentence. (*See id.* at 2.) Although one person appears in the results for this Court's search of Petitioner's name in the inmate locator website of the California Department of Corrections, that inmate is not the same age as the Petitioner. *Compare Inmate Information*, CDCR INMATE LOCATOR, https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=G19771 (last visited June 20, 2019) (32-year-old inmate), *with* Petition at 2 ("I'm 41 now!"). The Court concludes that it plainly appears from the face of the Petition that Petitioner is not in custody and, therefore, is not entitled to federal habeas relief. Accordingly, dismissal is appropriate on that fact alone.

*Second*, Petitioner does not seek cognizable habeas relief. A habeas corpus action necessarily entails a challenge to either a conviction or a sentence imposed by a state-court judgment. *See* 28 U.S.C. § 2254 (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement,"

those claims do not fall within the "core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). If a claim "does not lie at 'the core of habeas corpus,'" then "it may not be brought in habeas corpus." *Id.* at 934 (quoting *Preiser*, 411 U.S. at 487).

Here, despite the form of the Petition, Petitioner casts the Petition as an "Application to Forine Souverigne/Diversith-citiz/Nationality." (Petition at 2 (errors preserved).) Petitioner acknowledges that "[t]his is a matter other than a standard or usual court matter." (Petition at 2.) The thrust of Petitioner's claim is that he is being stalked and harassed by "gang stalkers" and other surveillance measures by the Department of Homeland Security. (*Id.* at 2-3.) The Court interprets Petitioner's request for relief as seeking to become a sovereign foreign national citizen and be deported to the Russian Federation. (*Id.* at 3.) He makes several other unsubstantiated requests for relief that bear no relation to habeas. (*See, e.g.*, *id.* at 2 (requesting a Freedom of Information Act transcript); *id.* at 5 (requesting "relief from indentured servitude").)

Moreover, Petitioner does not identify a criminal judgment he challenges. Although Petitioner narrates some encounters and allegedly improper detentions by law enforcement (*see id.* at 3), describes his attempts to pursue his rights in court (*see id.* at 5-6), and checks a box on Form MC-275 indicating he is in custody pursuant to a criminal conviction (*see id.* at 2), Petitioner does not answer the form's questions regarding the sentencing or committing charges and the sentencing or committing court, nor does he appear to challenge any judgment (*see id.*). Petitioner requests no form of relief that this Court may grant through a writ of habeas corpus. *See Nettles*, 830 F.3d at 935. Therefore, because no federal habeas relief is requested, it plainly appears from the face of the Petition that Petitioner is not entitled to federal habeas relief.

*Third*, the Petition is frivolous. Summary dismissal of a habeas petition is appropriate where the allegations in the petition are vague or conclusory, palpably

4

incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Here, as generously as this Court can interpret the Petition, Petitioner's allegations are patently frivolous. Petitioner asserts that he has been stalked and harassed for decades through a counterintelligence program controlled by the Department of Homeland Security. (*See* Petition at 2.) He alleges that gang stalkers, the Orange Police Department, and a large, trained rat all have been employed in surveillance efforts targeting him. (*See id.* at 3.) Through his Petition he seeks to apply to become a foreign national so that he may be deported to Russia. (*See id.* at 3.) He seeks to avoid having his property and estate being lost at sea and then salvaged by the Superior Court, the World Bank, and the International Monetary Fund. (*See id.* at 5.) As discussed above, Petitioner's allegations are far removed from the realm of federal habeas corpus; they cannot be untangled and deciphered coherently into a challenge to a state-court conviction or sentence on the basis of a constitutional violation. The frivolity of the Petition subjects it to dismissal. *Cf., e.g.*, *Turner v. Sullivan*, No. CV 17-5903-PA (JPR), 2017 U.S. Dist. LEXIS 140178 (C.D. Cal. Aug. 29, 2017) (summarily dismissing action as frivolous where "conclusory and nonsensical" claims could not be adjudicated); *Dugger v. Stainer*, No. SACV 16-1385-GW (JPR), 2016 U.S. Dist. LEXIS 161361 (C.D. Cal. Nov. 21, 2016) (summarily dismissing action as frivolous where allegations "raise[d] some sort of broad-based, philosophical and societal concern as to which this Court is powerless to act even were it so inclined").

### III. THE COURT DENIES A CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has found that the Petition should be dismissed

without prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

IV. **CONCLUSION**

    IT IS THEREFORE ORDERED that the action be **dismissed without prejudice**.

DATED: July 22, 2019

                                       VIRGINIA A. PHILLIPS
                              CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE